## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **MICHAEL SETH HUMBER,** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | **Case Numbers:** |
| **vs.** | ) | **CV 03-S-8034-J** |
| | ) | **CR 01-S-369-J** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Michael Seth Humber ("defendant" or "Humber") filed a motion pursuant to 28 U.S.C. § 2255 challenging his guilty plea and sentence.  (Doc. no. 108).[1]  The matter was referred to a magistrate judge who conducted an evidentiary hearing and determined that defendant's motion is due to be denied.  (Doc. no. 16).[2]  Defendant filed objections to the magistrate judge's report and recommendation.  (Doc. no. 18).

## BACKGROUND

Defendant was indicted on various drug and firearms charges, including conspiracy to manufacture methamphetamine, attempting to manufacture

---

[1]References herein to "Doc. no. ___" are to the documents in record of this court in the above-captioned matters.

[2]References to "Doc. no. 1-18" herein are to the pleadings located under the file in CV-03-S-8034-J.  The other pleadings referenced herein are located under the underlying criminal case file, CR 01-S-369-J.

methamphetamine, and carrying and possessing a firearm during and in relation to the foregoing drug trafficking offenses.  He entered pleas of guilty to the charges on October 18, 2001.  At the sentencing hearing, defendant was granted a downward departure pursuant to U.S.S.G. § 5K1.1 for providing substantial assistance to the government.  He was sentenced to concurrent terms of 57 months in prison on the drug offenses, and a consecutive term of 48 months on the gun offense.  His appeal from the conviction and sentence was affirmed by the Eleventh Circuit.

Defendant filed the present motion to vacate or correct his conviction and sentence on August 7, 2003.  He asserts several grounds for relief: *i.e.,* his pleas of guilty were not knowingly, intelligently, and voluntarily entered; his pleas lack a factual basis; and, he was denied effective assistance of counsel. (Doc. no. 108).  In a subsequent pleading, defendant added an assertion that the government failed to disclose favorable evidence.  (Doc. no. 125).

The motion was referred to United States Magistrate Judge John E. Ott.  A hearing was conducted on February 15, 2005.  Judge Ott entered a report and recommendation on September 23, 2005, finding that defendant's motion was due to be denied. (Doc. no. 16). Specifically, Judge Ott found that:  (1) defendant's claim that the factual basis for his pleas was insufficient to support his convictions is procedurally barred from review, and that the defendant has not demonstrated either

cause and prejudice, or actual innocence, to excuse the default; (2) defendant knowingly, voluntarily, and intelligently entered his pleas; (3) defense counsel's performance was not deficient; (4) there was no *Brady* violation;[3] and (5) application of the enhancement under the Sentencing Guidelines for endangering a minor does not entitle defendant to relief.

Defendant objected to Judge Ott's findings, asserting that the magistrate judge incorrectly concluded that:  defendant's ineffective assistance of counsel claim is procedurally barred from review (Doc. no. 18 at 1-2); the factual basis for defendant's pleas was sufficient to sustain the convictions (*id*. at 2-4); and, the court is without jurisdiction to address the sentencing enhancement claim (*id*. at 4).  Each objection will be addressed.

Defendant initially argues that the magistrate judge incorrectly found that defendant's ineffective assistance of counsel claim is procedurally barred.  (Doc. no. 18 at 1).  A review of the magistrate's report and recommendation, however, shows that Judge Ott found only that defendant's substantive challenge to the factual basis for his pleas was barred.  (Doc. no. 16 at 10-11).  He did not find that defendant's claim of ineffective assistance of counsel was procedurally barred from review.  To the contrary, he reviewed the claim on the merits, and found it to be insufficient to

---

[3]*See Brady v. Maryland*, 373 U.S. 83 (1963).

entitle the defendant to any relief.  (*Id*. at 20-24).

The defendant next asserts that the factual basis for his pleas, as recited by the

prosecutor during the Rule 11 plea colloquy, was not sufficient to support defendant's

conviction for the 18 U.S.C. § 924(c) gun offense.  (Doc. no. 18 at 2).  The court

disagrees.  The Eleventh Circuit has described the connection between a weapon and

drug activity that is necessary to support a conviction under § 924(c) as follows:

> Thus, the plain meaning of § 924(c), uncontradicted by the
> accompanying legislative intent, dictates that the presence of a gun
> within the defendant's dominion and control during a drug trafficking
> offense is not sufficient by itself to sustain a § 924(c) conviction.  As the
> Second Circuit explained in *United States v. Finley*, 245 F.3d 199, 202
> (2d Cir. 2001), there must be "a showing of some nexus between the
> firearm and the drug selling operation." *Id.*  The nexus between the gun
> and the drug operation can be established by "the type of drug activity
> that is being conducted, accessibility of the firearm, the type of the
> weapon, whether the weapon is stolen, the status of the possession
> (legitimate or illegal), whether the gun is loaded, proximity to the drugs
> or drug profits, and the time and circumstances under which the gun is
> found." *Ceballos-Torres*, 218 F.3d at 414-15; *accord Mackey*, 265 F.3d
> at 462.  While these factors are not exclusive, they "distinguish
> possession in furtherance of a crime from innocent possession of a
> wall-mounted antique or an unloaded hunting rifle locked in a
> cupboard." *Id*.

*United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002).  The court agrees

with Judge Ott that the record is sufficient to support defendant's conviction on the

gun charge.  The defendant was shown to have been involved with his co-defendants

in the manufacture of methamphetamine.  Although defendant's role was minor in

4

comparison to his co-defendants, it does not change the fact that he was a participant.

Additionally, he was arrested at the scene of the clandestine manufacturing facility

with the firearm on his person.  This is not a situation involving the innocent

possession of "a wall-mounted antique or an unloaded hunting rifle locked in a

cupboard."[4]  *Timmons*, 283 F.3d at 1253 (citing *Ceballos-Torres*, 218 F.3d at 415).

     The defendant next argues that the factual basis for the drug offenses also is not

sufficient.  (Doc. no. 18, at 2).  The court again disagrees.  Defendant argues that he

"was there *just to get dope*," and that he "was not a partner in the operation."  *Id*.

(emphasis in original)).  These self-serving assertions do not warrant the requested

relief for two reasons.  First, even if defendant was present at the lab site for the

purpose of obtaining methamphetamine for personal use, that does not change the

factual statement presented by the prosecution that defendant admitted to law

enforcement agents that he "assisted in the cook by cleaning jars" and, on one

occasion, acting as a "lookout" (*i.e.*, stepping outside to see if the police were in the

area).  (Plea Tr. at 48).[5]  Second, as noted by Judge Ott, the Eleventh Circuit has held

that, "[a]lthough cleaning jars and serving as a lookout were not the most integral

---

[4]The defendant makes much ado about the fact that the weapon was loaded with "rat shot." (Doc. no. 18 at 2 n.1).  The Court, however, is not impressed by this argument.  The presence of the loaded weapon at the manufacturing site by a defendant who assisted in the cleaning of the lab equipment, and who acted in the past as a lookout, is sufficient to support the § 924(c) conviction.

[5]The plea transcript is located at document no. 94.

aspects of manufacturing the methamphetamine, [the defendant's] activities did aid in the operational process." (Ex. H, at 6).[6]

Defendant asserts that a factual deficiency for a plea of guilty cannot be cured by the court's recitation of the elements of the offense at the plea hearing. (Doc. no. 18, at 3). The court agrees with this general statement of law. However, the court departs from the defendant's analysis in that it finds the factual basis was sufficiently detailed to support his convictions.

Lastly, the defendant objects that "the Magistrate's report which opines it does not have jurisdiction to address the [*Booker*[7]] claim is incorrect as a matter of law." (Doc. no. 18, at 4). The defendant cites *Dodd v. United States*, 545 U.S. 353 (2005), in support of this objection. In *Dodd*, the United States Supreme Court held that the one-year limitations period for filing a motion to vacate based on a newly recognized right ran from the date on which the Court initially recognized the right asserted, and not from the date on which the right was made retroactively applicable.

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court determined that the mandatory nature of the Sentencing Guidelines rendered them

---

[6]The defendant's citation in his objections to the fact that he stated at the Rule 11 hearing that he "was only there to buy some junk" (Plea Tr. at 68), and to the fact that the presentence report reflects that he informed the probation officer that he "was there to buy an eighth of an ounce and got caught doing so" (Ex. D at ¶ 20), does not sway this Court's conclusion.

[7]*United States v. Booker*, 543 U.S. 220 (2005).

incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  *Id.* at 231-36.  The Court also reaffirmed that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id.* at 244.  The Eleventh Circuit has held that the *Booker* holding does not apply to cases on collateral review.  *Varela v. United States*, 400 F.3d 864 (11th Cir.), *cert. denied*, ___ U.S. ___, 126 S. Ct. 312 (2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) .  Accordingly, this court finds that the defendant is not entitled to relief on this claim.  It further fails to see how the statute of limitations issue in *Dodd* alters the holdings of the Eleventh Circuit in *Anderson* and *Varela*.[8]

## CONCLUSION

The court has considered the entire file in this action, together with the magistrate judge's report and recommendation, and, defendant's objections, and has reached an independent conclusion that the magistrate judge's report and recommendation is due to be adopted and approved.  An appropriate order will be entered.

---

[8]The defendant does not address the application of *Anderson* and *Varela* in his objections.

DONE this 22nd day of September, 2006.

_____
United States District Judge